569 P.2d 907

Doris Rutherford HALL, and Doris Rutherford Hall, as Guardian of Pamela Jean Rutherford, Janice Lynn Rutherford, Nancy Kay Rutherford and Karen Sue Rutherford, minors, Plaintiffs-Appellants,

v.

YOUNG'S DAIRY PRODUCTS COMPANY, a corporation, and Argonaut Insurance Company, a corporation, Defendants-Respondents.

Doris Rutherford HALL, and Doris Rutherford Hall, as Guardian of Pamela Jean Rutherford, Janice Lynn Rutherford, Nancy Kay Rutherford and Karen Sue Rutherford, minors, Plaintiffs-Respondents,

v.

YOUNG'S DAIRY PRODUCTS COMPANY, a corporation, and Argonaut Insurance Company, a corporation, Defendants-Appellants.

Nos. 11358 and 12107.

Supreme Court of Idaho.

Sept. 21, 1977.

Rehearing Denied Oct. 20, 1977.

Lloyd J. Webb of Webb, Pike, Burton & Carlson, Twin Falls, for plaintiffs-appellants.

John W. Barrett of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

SHEPARD, Justice.

This appeal results from a summary judgment rendered in favor of defendants Young's Dairy Products Company and its insurance carrier, Argonaut Insurance Company in an action brought by plaintiffs seeking to apportion the monies tendered by a third-party tort-feasor whose negligence caused the death of one Damon Rutherford, the then husband and father of the plaintiffs. Defendants Young's Dairy and Argonaut also appeal from an order in favor of plaintiffs' attorney and against Young's and Argonaut awarding attorney's fees.

On March 20, 1970, Damon Rutherford was operating a motorcycle within the course of his employment with Young's Dairy Products and collided with an automobile driven by one Hunt. On August 15, 1970, Rutherford died as a result of the injuries sustained in the accident. Rutherford's surviving spouse and children (plaintiffs here) filed a workmen's compensation claim which was processed by Argonaut and as of May 19, 1972, the total of medical expenses, burial expenses, death benefits and total temporary disability benefits exceeded $21,000.

The tort-feasor Hunt carried liability insurance to a maximum of only $10,000 and Hunt was unable to respond to any personal injury or death claims sustained by plaintiffs beyond $10,000. Hunt's insurer tendered the full $10,000 to the parties to this action on condition of full release from further liability. In 1971 plaintiffs brought the instant action alleging damages of $100,000 and asking declaratory relief as to their rights in the $10,000 settlement offer. Both sides moved for summary judgment on the basis of those facts. The district court granted summary judgment in favor of Young's and Argonaut, but also held that plaintiffs' attorney was entitled to reasonable attorney's fees to be drawn from the said tender of $10,000. From the summary judgment in favor of defendants and the award of attorney's fees, the respective parties appeal.

I.C. § 72–204 as in effect at the time in issue here and prior to the 1972 amendment provides:

"When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act *any employer having paid the compensation* or having become liable therefor *shall be subrogated to the rights of the injured employee to recover*

*against that person: provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."* (Emphasis added.)

There is no issue between the parties here but that the above statute permits an employee or his heirs to receive workmen's compensation benefits and thereafter bring a cause of action against the third-party tort-feasor. *Lebak v. Nelson,* 62 Idaho 96, 107 P.2d 1054 (1940); *Shields v. Wyeth Laboratories, Inc.,* 95 Idaho 572, 513 P.2d 404 (1973).

▪ Plaintiffs-appellants assert first that I.C. § 72–204 does not confer the right of subrogation upon the employer or its carrier in the instant case, since here the appellants are the heirs of the employee and wrongful death is a cause of action belonging not to the decedent but independently to the heirs. In whatever other context that assertion may be true, it is clear that *Lebak v. Nelson, supra,* specifically authorizes the right of subrogation in the employer or its carrier against the proceeds of a wrongful death recovery against a third-party tort-feasor. *See also* I.C. § 72–102(9).

▪ Plaintiffs-appellants next argue that even if the employer or its carrier is entitled to subrogation under I.C. § 72–204, nevertheless, since the $10,000 recovery will be exhausted by the subrogation claims and nothing left for the satisfaction of the loss sustained by the appellants, the $10,000 should be equitably prorated as between all parties. However appealing that argument may be as to desirable social policy and equitable principles, they find themselves in complete juxtaposition to the explicit wording of the statute buttressed by the language of this Court in *Lebak v. Nelson, supra.* It is clear that the employer and its insurance carrier are entitled to subrogation to the recovery except to the extent that it exceeds their expenses in pursuing the action (if any) and the workmen's compensation benefits they have paid or are liable to pay. Such also appears to be the general rule except in those jurisdictions in which the workmen's compensation subrogation statutes are significantly different than those in Idaho. *See* 2A A. Larson, The Law of Workmen's Compensation § 74.31 (1976); *Stacy v. Noble,* 361 S.W.2d 285 (Ky. 1962); *Railkar v. Boll,* 125 Ill.App.2d 203, 260 N.E.2d 851 (1970). *See also* Florida Statutes § 440.39(3)(a) (1975), allowing a court to distribute the proceeds recovered from a third-party tort-feasor on an equitable basis. *Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co.,* 115 F.2d 277 (4th Cir. 1940), cited by the appellant is distinguishable from the case at bar since the law of the jurisdiction applied there contained no subrogation provisions in its statutory workmen's compensation scheme and the court held that no common law right to subrogation existed.

▪ Defendants Young's Dairy and Argonaut appeal from the order of the district court awarding plaintiffs' attorney $2,000 as and for an attorney's fee to be paid from the $10,000 proceeds which were awarded defendants Young's Dairy and Argonaut. The trial court ruled correctly that since no contractual arrangement existed between the defendants and plaintiffs' counsel, no award could be made based on the 25% contingency contract between plaintiffs and plaintiffs' attorney. Nevertheless, the court also specifically found that:

> "The services of the plaintiffs' attorney were beneficial to the defendant in the collection of the damages from the tort-feasor operator of the automobile which was involved in the collision which resulted in the death of Damon Rutherford and it is reasonable that the defendant should be charged with the responsibility of paying for these expenses from the proceeds of the recovery which the defendant claims under its subrogation provisions."

We agree.

The statutes of many jurisdictions make specific provision for such situations. 2A A. Larson, The Law of Workmen's Compensa-

tion § 74.32, and I.C. § 72–223(4) as amended in 1971 now provides:

"On any recovery by the employee against a third party, the employer shall pay or have deducted from his subrogated portion thereof, a proportionate share of the costs of attorney's fees incurred by the employee in obtaining such recovery."

In the absence of a statute on the question of apportionment of attorney's fees, the equitable theory of unjust enrichment is applied in the premise that one should not reap the fruits of another's labor. *Security Ins. Co. v. Norris,* 439 S.W.2d 68 (Ky.1969); *Quinn v. State,* 15 Cal.3d 162, 124 Cal.Rptr. 1, 539 P.2d 761 (1975); *Stacy v. Noble, supra ; Broussard, Broussard & Moresi, Ltd. v. State Auto & Casualty Underwriters Co.,* 287 So.2d 544 (La.App.1973); *Carter v. Wooley,* 521 P.2d 793 (Okl.1974); Dawson, Lawyers and Involuntary Clients: Attorneys' Fees from Funds, 87 Harv.L. Rev. 1597 (1974). *See also, Hertz v. Fiscus,* 98 Idaho 456, 567 P.2d 1 (1977); *Continental Forest Products, Inc. v. Chandler Supply Co.,* 95 Idaho 739, 518 P.2d 1201 (1975).

Here the trial court found that the services of plaintiffs' attorney were beneficial to the defendants and assessed those fees at $2,000. It is implicit in that finding that the benefit received by the defendants was in the amount of $2,000. The summary judgment awarding the proceeds of the $10,000 third-party tort-feasor settlement to defendants Young's Dairy and Argonaut is affirmed. Also affirmed is the order of the trial court awarding plaintiffs' attorney the sum of $2,000 payable from said $10,000 proceeds. No costs allowed.

McFADDEN, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.