874 P.2d 1108

**In the Matter of Stephen B. Cameron, Deceased.**

**Stephen B. CAMERON, Deceased, Claimant–Respondent,**

v.

**MINIDOKA COUNTY HIGHWAY DISTRICT, Employer, and State Insurance Fund, Surety, Defendants–Appellants.**

No. 20368.

Supreme Court of Idaho,
Twin Falls, November 1993 Term.

May 12, 1994.

McDevitt, Myers & Thomsen, Pocatello, for defendants-appellants. M. Jay Myers argued.

Hepworth, Nungester & Lezamiz, Twin Falls, for claimant-respondent. John J. Janis argued.

SILAK, Justice.

This is a worker's compensation case. The issues on appeal pertain to calculation of an employer's proportionate share of costs and attorney fees incurred by claimants in pursuing a third party recovery, and whether the employer should be required to pay its proportionate share in an immediate lump sum, or over time.

## FACTS AND PROCEDURAL BACKGROUND

Stephen B. Cameron was fatally injured in a truck-train accident on October 26, 1988, while in the course of his employment with the Minidoka County Highway District. The

Highway District carried worker's compensation insurance with the Idaho State Insurance Fund (the Highway District and the State Insurance Fund are hereinafter referred to collectively as "the surety"). Cameron was survived by his wife, two natural children, and two step-children (collectively referred to hereinafter as "the claimants"). The claimants filed two separate claims as a result of the accident: a worker's compensation claim against the surety seeking death benefits, and a wrongful death action against Union Pacific Railroad, alleging that its negligence proximately caused the fatal accident.

The claimants settled with Union Pacific for cash and annuity payments having a present value of $283,563. The claimants reimbursed the litigation costs ($21,077.63) advanced by their attorneys and paid one-third ($94,521) of the recovery in attorney fees. As of the date the parties stipulated to the facts in this case, the surety had paid death benefits to the claimants totalling $23,412.73. The parties stipulated that without the recovery against Union Pacific, the surety would have been liable to the claimants for future death benefits in the sum of $77,037.67, assuming full benefits were paid, and without discounting these future payments to present value.

The claimants asserted before the Commission that under I.C. § 72–223(3) and (4), the surety was obligated to pay a proportionate share of the costs and attorney fees incurred by the claimants in obtaining the recovery from Union Pacific. The claimants contended that under I.C. § 72–223(4), the surety's share of the costs and fees should be in proportion to the amount of the third party recovery which benefitted the surety. Thus, the claimants asserted that the formula for determining the surety's proportionate share of the costs and fees should be: the benefit which the surety received from the third party recovery—$23,412.73 reimbursement for death benefits the surety already paid to claimants, plus the present value of the surety's future liability to the claimants ($77,037.67 over the remainder of the 500 week payment period, discounted to present value), which the third party recovery extinguished—divided by the total amount of the third party recovery. The claimants contended that this quotient, multiplied by the total costs and fees ($115,598.63), would be the surety's proportionate share of the costs and fees. Mathematically, this formula is as follows:

$$\frac{23,412.73 + (77,037.67 \text{ discounted to present value})}{283,563} \times 115,598.63 = \text{proportionate share}$$

The surety asserted, however, that its benefit from the third party recovery, and therefore its proportionate share of the costs and fees, should be measured only by the amount of benefits already paid ($23,412.73), which amount the third party recovery reimbursed to the surety, divided by the amount of the third party recovery. The surety contended that its future liability to the claimants, which was extinguished by the third party recovery, should not be a factor in calculating its proportionate share. Thus, the formula asserted by the surety would be as follows:

$$\frac{23,412.73}{283,563} \times 115,598.63 = \$9,544.54 \text{ (proportionate share)}$$

The Commission held that because the third party recovery not only reimbursed the surety for past compensation paid, but also extinguished the full extent of the surety's future compensation liability, the surety's proportionate share of costs and fees should be measured by the present value of both the surety's past and future compensation liability, divided by the present value of the third party recovery ($283,563.00). The resulting quotient multiplied by the total costs and attorney fees ($115,598.63) would equal the surety's proportionate share of the costs and fees. The Commission further ruled that the

surety should pay its proportionate share of the costs and fees in an immediate lump sum. After the Commission issued its Findings of Fact, Conclusions of Law and Order, the surety filed a motion for reconsideration. The Commission denied the motion. The surety has appealed.

The surety raises the following issues on appeal:

1. Should the measure of the surety's proportionate share of the costs and attorney fees incurred in obtaining the third party recovery factor in the benefit the surety obtained from the discharge of its future liability to the claimants?

2. Was it improper for the Commission to order a lump sum payment of the surety's proportionate share of costs and attorney fees?

## ANALYSIS

### 1. *Calculation of Proportionate Share of Costs and Fees.*

■ Where a statute or constitutional provision is plain, clear, and unambiguous, it speaks for itself and must be given the interpretation the language clearly implies. *Moon v. Investment Bd.,* 97 Idaho 595, 596, 548 P.2d 861, 862 (1976). Subsections (3) and (4) of I.C. § 72–223 provide as follows:

(3) If compensation has been claimed and awarded, the employer having paid such compensation or having become liable therefor, shall be subrogated to the rights of the employee, to recover against such third party to the extent of the employer's compensation liability.

(4) On any recovery by the employee against a third party, the employer shall pay or have deducted from his subrogated portion thereof, a proportionate share of the costs and attorney's fees incurred by the employee in obtaining such recovery.

Under this statute, when an employer is liable to a claimant for worker's compensation benefits, and the claimant obtains a recovery against a third party for the same injuries, the employer becomes subrogated to the claimant's rights in the third party recovery to the extent of the employer's compensation liability. I.C. § 72–223(3). The plain wording of the statute entitles employers to benefit from third party recoveries to the extent of their compensation liability, whether the employer has already paid the compensation or the compensation liability remains to be paid in the future. It is undisputed in this case that the claimants' recovery from Union Pacific not only reimbursed the surety for the compensation benefits already paid to the claimants, it also extinguished all of the surety's liability to pay future compensation.

■ While the statute is clear that employers are entitled to benefit from third party recoveries to the extent of their compensation liability, past and future, it is also clear under subsection (4) of the statute that "the [surety] shall pay or have deducted from his subrogated portion thereof, a proportionate share of the costs and attorney's fees incurred by the [claimants] in obtaining such recovery." Thus, the surety is required to pay the costs and fees incurred in obtaining the third party recovery in proportion to the benefit it received from the third party recovery. For example, if the employer's compensation liability equals one-third of the third party recovery, the employer is obligated to pay one-third of the costs and fees incurred in obtaining the recovery. The logic and fairness of this result are obvious. The employer should have to pay for the litigation expenses incurred in obtaining the third party recovery to the extent that the third party recovery benefits the employer.

Contrary to the surety's assertions, this does not work a double recovery for the claimants. To the extent that the employer's future liability is absolved by the third party recovery, the claimant can no longer claim those compensation benefits from the employer. If the employer has already paid compensation to the claimant, that compensation must be reimbursed to the employer out of the third party recovery. In this case, the claimants have neither sought nor obtained a double recovery. Out of the third party recovery, the claimants have reimbursed the surety for past compensation paid, and they do not seek to hold the surety liable for any future compensation benefits. The claimants

acknowledge that the third party recovery extinguished the surety's liability for such future benefits. The claimants only seek to have the surety pay for the litigation costs of that portion of the third party recovery which absolved the surety of its compensation liability.

Idaho case law accords with the above construction of the statute.

It is clear that the employer and its insurance carrier are entitled to subrogation to the recovery except to the extent that it exceeds their expenses in pursuing the action (if any) and the workmen's compensation benefits they have paid *or are liable to pay.* Such also appears to be the general rule except in those jurisdictions in which the workmen's compensation subrogation statutes are significantly different than those in Idaho.

*Hall v. Young's Dairy Prods.,* 98 Idaho 562, 564, 569 P.2d 907, 909 (1977) (emphasis added).

The Court further held in *Hall:*

The services of the plaintiff's attorney were beneficial to the [employer] in the collection of the damages of the tortfeasor operator of the automobile which was involved in the collision which resulted in the death of [the employee] and it is reasonable that the [employer] should be charged with the responsibility of paying these expenses from the proceeds of the recovery which the [employer] claims under its subrogation provisions.

*Id.*

Accordingly, we affirm the Commission's decision that the proportion of the surety's benefit in the third party recovery, and thus the surety's proportionate share of the costs and fees, should be measured not only by the surety's past compensation liability which was reimbursed by the third party recovery, but also by the surety's future compensation liability which is absolved by the third party recovery.

■ Having reached this conclusion, we must answer further questions about calculating the present value of the surety's future liability. As of the date the parties stipulated to the facts of this case, the surety was

obligated to pay the claimants future compensation benefits in the amount of $77,037.67 over the remainder of the 500 week payment period. The Commission noted that the parties presented no evidence of the present value of this future liability, and requested that the parties agree on a discount rate for determining the present value of the surety's future liability. The parties later stipulated on a discount rate of five percent per annum. On appeal, the surety correctly notes that in fixing the present value of its future liability, the $77,037.67 to be paid out over about nine and one-half years should not only be discounted to its present value, it should also be discounted based on the contingent nature of the claimants' rights to receive these benefits. Under I.C. § 72–412, the claimants' rights to receive compensation benefits are subject to termination upon the death or marriage of the claimants. On remand, the Commission is instructed to determine, or have the parties stipulate, how much the present value of the claimants' future compensation should be discounted in consideration of the contingency that the claimants might die or marry at some point during the remainder of the nine and one-half year payment period. Thus, the formula for calculating on remand the surety's proportionate share of the costs and attorney fees incurred in obtaining the third party recovery is as follows: the present value of compensation already paid ($23,412.73), plus the actual present value of the surety's future compensation liability ($77,037.67 discounted to present value and discounted for the possibility that the claimants' benefits might have been terminated prior to the end of the payment period as a result of death or marriage), divided by the present value of the third party settlement ($283,563.00), multiplied by the total attorney fees and costs incurred ($115,598.63).

2. *Lump Sum Payment of Costs and Attorney Fees.*

■ The surety asserts that it should not be required to pay its proportionate share of the costs and attorney fees in an immediate lump sum, but over the same nine and one-half year period it would have paid the claim-

ants' compensation benefits. The surety's argument is premised on an incorrect characterization of the payment of "costs and attorney fees" as payment of "income benefits," which are controlled by I.C. § 72–317. The surety is not being ordered to pay income benefits in a lump sum, but a proportionate share of the costs and attorney fees incurred in obtaining a third party recovery. The benefit the surety received from the third party recovery was immediate: reimbursement of past compensation paid, and relief from liability for future compensation. I.C. § 72–223(4), which requires employers to pay a proportionate share of costs and attorney fees, does not state that payment of costs and fees should occur over the same time period that the employer would have paid compensation to the claimant. The surety has not provided us with any law or reason why we should read such a provision into the statute. The Commission's decision that the surety should pay its share of the costs and attorney fees in an immediate lump sum, just as the claimants had done, was reasonable and proper under the circumstances of the case. Accordingly, we affirm that portion of the Commission's order.

## CONCLUSION

We hold that the Commission properly considered the benefit of relief from future liability which the surety received from the third party recovery in calculating the surety's proportionate share of costs and fees. However, the Commission erred by failing to discount the value of the surety's future compensation liability in consideration of the contingent nature of that liability. Accordingly, we vacate the Commission's order and remand to have the surety's proportionate share recalculated to take into account the contingent nature of the surety's future liability.

Costs to claimants on appeal. No attorney fees are awarded.

McDEVITT, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.