TRAVELERS INSURANCE COMPANY *vs.* WINFIELD S. Foss, Admr.

Kennebec.     Opinion August 28, 1925.

*In an action against an administrator by the insurance carrier of an employer of an employee to whom compensation has been paid, based upon the right of subrogation, for damages for alleged tort by the intestate which occasioned the paying of compensation, the administrator not having testified, the plaintiff may introduce the employee as a witness, though the employee is not within the letter of Sec. 117, Chap. 87, of the R. S., he is within its purpose, its spirit, its equity.*

On report. An action brought by plaintiff as the insurance carrier of the employer under the Workmen's Compensation Act, relying on the right of subrogation, against the administrator of the estate of George A. Foss, to recover compensation paid Fred M. Huntley an employee of the Standard Oil Company of New York, whose injury was occasioned by an alleged tort of the deceased, George A. Foss. The question involved was as to whether the employee, Fred M. Huntley, could be introduced as a witness by the plaintiff. Under the stipulations in the report judgment for the plaintiff for $1,700.00 plus taxable costs, except for any witness.

The case fully appears in the opinion.

*Perkins & Weeks*, for plaintiff.

*Charles W. Atchley and Mark J. Bartlett*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DUNN, J. On report. Agreed facts from the Superior Court in Kennebec.

Where one is being sued in his capacity as administrator of the estate of a dead person, by the insurance carrier of a statute-subrogated employer of a compensated employee, for damages for tort alleged to have been done by the intestate in his lifetime, which occasioned the paying of compensation, and has not testified, would it be permissible for the plaintiff to introduce the employee, to witness concerning the tort and its accessory facts?

The stage of the record on which the foregoing question is reserved shows this: At Waldoboro, on May 12th in 1922, while Mr. Fred M. Huntley was standing at a spot on the extreme right of Jefferson Street, along side the truck he had driven there for the Standard Oil Company of New York, he was hurt in result of being hit by the automobile that the now dead man then drove backward. Employer and employee were within the Workman's Compensation Act. The plaintiff was the insurance carrier of the employer. Huntley, the employee, claimed compensation. He received it, under an agreement with his employer's carrier, approved by the State Commissioner.

When, in the course of and because of his employment, an employee sustains injury through the actionable fault of a stranger or third person, an employer, or his carrier, paying or liable for compensation, becomes subrogated to the right of action for damages for the injury. R. S., Chap. 50, Sec. 26, as amended by 1921 Laws, Chap. 222, Sec. 8. And may sue in his own name or that of the employee. *Donohue* v. *Thorndike,* 119 Maine, 20. Any excess in the amount of damages recovered, beyond the need for reimbursing the employer for the compensation and the costs and expenses of the action, is eventually for the employee. 1921 Laws, supra.

Legal subrogation, as the Legislature has made it in this class of cases, is the placing of one person as near as possible in the position of another in respect to a debt or claim, and to its rights and remedies. Its office is to secure real and essential and consistent justice, in simplification of procedure, and without circuity of action, on equitable principles. There is distinction, more in the manner of bringing

them to be than in virtual effect, between assigning and subrogating. An assignment rests on contract. Subrogation is an act of law. But the outcome, were a claim for injuries to the person assignable, would be much the same in substituting one person to another person's rights. In the one instance, the person would part with his claim; in the other, the law parts the claim for him. The statute assigns where he cannot.

The long step forward which the Legislature took in comprehensively abrogating common-law rules disqualifying a witness by reason of interest, whether as party or otherwise, was followed by stepping backward to the very point from which the step forward was taken, and by another step in the same direction but not as far as the first, when an administrator or similar fiduciary is opposite as party. Sec. 112 of Chap. 87 of the 1916 revision of our statutes, as enacted in 1856, Chapter 266, removed the disability arising at common law out of the interest of a party as a witness, and allows such interest to be shown only to effect his credibility. Section 117 in the revision is proviso on and carves out actions from Section 112. The proviso declares the abrogating section without application when an administrator is party, save in excepted instances. Hence, unless a case be within an exception, the disqualification which was removed by the one section is restored by the other, and the competency of the witness is to be determined by the rules of the common law. *Sherman* v. *Hall,* 89 Maine, 411; *Weed* v. *Clark,* 118 Maine, 466.

One of the exceptions alluded to is, that if matters before the death of his decedent be made pertinent to issue, by the testimony of the administrator, the adverse party is competent to testify respecting what was thus made of concern.

Perhaps, within the meaning and the policy of the law, recalling the metaphors and reasonings handed down, and the rule of the common law that an interested party cannot, by releasing his interest, invest himself with attesting competency, it may be that Huntley, the witness proffered, should be classified in the category of an adverse party. If he ought to be so catalogued, then, the administrator not having testified, the evidential door is not open. But it is unnecessary to look into this aspect to see whether the door be open or not.

In Section 117 there is this additional exception: If, by reason of having parted with his interest in the controversy during the life-

time of the representative party's intestate, the adverse party is but nominal, he may be called by either side.

Manifestly, the former employee, the proffered witness, is not within the letter of this section of the statutes. But is he not within its purpose, its spirit, its equity? Lord Bacon, who treated the science of the law not solely as a lawyer but as a legislator and philosopher as well, has said: "A case not within the letter of the statute is sometimes held to be within the meaning. The reason for such construction is that every case could not be set down in express terms. In order to form a right judgment whether a case be within the equity of a statute, it is a good way to suppose the lawmaker present, and that you have asked him this question, did you intend to comprehend this case? Then you must give yourself such answer as you imagine he, being an upright and honorable man, would have given. If this be that he did mean to comprehend it, you may safely hold the case to be within the equity of the statute; for while you do no more than he would have done, you do not act contrary to the statute, but in conformity thereto."

In a legal sense, Mr. Huntley has no interest in this case. The law left it optional with him to have compensation from his employer, or to proceed by action against the third person. He elected to take compensation. Thereupon the doctrine of subrogation arose and he no longer had claim against the third person. Both the election and the doctrine relate back to when the injury was done. The employer became liable to pay compensation as of that time, though the amount of the compensation may not have been determined, and determined it may not have been due and payable, until later. When the injury was done the representative party's intestate was alive. It was then that the employee and the claim were parted. But this action is not in the name of the employee. Is this of consequence? The claim is the employer's, or its carrier's. The action is its from the hope of reimbursement in the advantages of success. It has the management thereof. It may dismiss the action, and discharge the claim. Urge that the employee would be entitled to any surplus recovered is not of moment. If this plaintiff recover more than the compensation and expenses, the overplus would belong to Huntley. But this phase is not yet. It may never be. And if it ever is, Huntley will not be party real or nominal to this action, but to

another and different action wherein privity and promise will be imported by statute, and to that other action this defendant will not be party. .

Surely, that a feature different still may not appear to be overlooked, if the employer, after written notice, had not sued within the time limit of the statute, the claim would have reinvested in Huntley and he might have sued. But in this there is no relevance now. Adapting and applying the words of Mr. Cleveland, a condition confronts—not a theory.

Were the action in Huntley's name, the situation would seem to come readily enough within the excepting clause, and the adverse party would be competent to testify, being disinterested and non-partisan through subrogation. With the action fully as plain in portrait, anomaly would be patent were it to be said, Huntley is incompetent to witness because the real party is plaintiff in the writ.

The conclusion is, that the Legislature did intend to comprehend this case. On the authority of the report, let judgment be entered for the plaintiff for $1,700.00 plus taxable costs, except for any witness.

*So ordered.*