**Harry J. OVEREND**

v.

**ELAN I CORPORATION et al.**

Supreme Judicial Court of Maine.

Argued Jan. 18, 1982.

Decided Feb. 17, 1982.

to be 17–A M.R.S.A. § 101(1) (Supp. 1981).

Thomas P. Downing, Jr. (orally), Jon Holder, Portland, for plaintiff.

Norman & Hanson, Stephen W. Moriarty (orally), Robert F. Hanson, Portland, for defendants.

Before McKUSICK, C. J. and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ. and DUFRESNE, A.R.J.

McKUSICK, Chief Justice.

This appeal presents a novel question closely akin to the issue resolved in *Liberty Mutual Insurance Co. v. Weeks*, Me., 404 A.2d 1006 (1979). The question here is whether an injured worker may proceed against his employer under the Workers' Compensation Act despite his having already settled his claim against a third party tortfeasor arising out of the same injury. By applying the principles declared in *Weeks* and giving the Act the liberal reading mandated by 39 M.R.S.A. § 92 (Supp. 1981), we hold that the employee may so proceed, any award conferred under the Act to be set off by the net amount of the settlement.

Plaintiff Overend was employed by defendant Elan I Corporation as a resident director at a treatment center for juvenile offenders. On December 30, 1978, he received a call from an agent of his employer instructing him to search along Route 302 for two juveniles who had run away from the center. Such missions were a normal part of the employee's job. The employee alleges that during the search his car collided with another, causing him internal injuries requiring extensive hospitalization. He suffered lasting pancreatic damage that becomes acute whenever he catches a cold or viral infection.

Two months after filing his petition for award of compensation, but before disposition of that petition by the Workers' Compensation Commission, the employee settled his claim against the driver of the car that struck his. Following an evidentiary hearing on October 20, 1980, the commissioner ruled as a matter of law that the employee's settlement barred him from any workers' compensation benefits. The commissioner dismissed the employee's claim without reaching the contested issue of whether the injury occurred in the course of employment.[1]

At the heart of this case is 39 M.R.S.A. § 68 (1978).[2] The first paragraph of section

---

1. The commissioner did not rule, and the employer does not argue, that the employee's claim under the Act has been mooted by the settlement. The possibility that the employer's immediate liability could exceed the amount received from the tortfeasor, and that the employer may be held liable in the future for the employee's longer-term medical problems stemming from the accident, make the employee's claim before the commission a live issue.

2. 39 M.R.S.A. § 68 (1978) reads in full as follows:

When an injury or death for which compensation or medical benefits are payable under this Act shall have been sustained under circumstances creating in some person other

68 could be read to provide that compensation claims against employers [3] and common law actions against third party tortfeasors are to be mutually exclusive options that employees must choose between. That reading is clearly contradicted, however, by the balance of section 68. It provides that an employer who has paid or become liable to pay compensation or benefits under the Act enjoys a lien on any damages or settlement his employee obtains from a third party tortfeasor, to the extent of the employer's payment. The statute also permits the employer to be subrogated to the rights of the employee if the latter fails to pursue his claim within 30 days after written demand by the employer. Whether the tort action against the third party is prosecuted by the employee or the employer, the former is entitled to the excess of the recovery over the latter's payments.

Section 68 thus permits, and indeed encourages, third party tort actions following a workers' compensation award or agreement; but the statute is silent on whether an employee may pursue a compensation claim after recovering from the tortfeasor. Some of the language suggests not: "any employer *having paid* such compensation or benefits *or having become liable* therefor ... shall have a lien for the value of compensation *paid* on any damages *subsequently* recovered against the third person liable for the injury"; "[i]f the employee ... recovers damages from a third person, he shall *repay* to the employer ... the benefits *paid* to him by the employer ...." (Emphasis added) The commissioner reasoned in this case that since the third party tort settlement has already been paid, the employer would have nothing upon which to place a lien should he be found liable for workers' compensation. Without a lien the employer would have no choice but to grant the employee an unjust double recovery. Accordingly, the commissioner dismissed the employee's claim.

The commissioner's reading of the statute injects an element of arbitrariness into the recovery scheme. Had the employee

than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages from or proceed at law against such other person to recover damages.

If the injured employee elects to claim compensation and benefits under this Act, any employer having paid such compensation or benefits or having become liable therefor under any decree or approved agreement shall have a lien for the value of compensation paid on any damages subsequently recovered against the third person liable for the injury. If the employee or compensation beneficiary fails to pursue his remedy against the third party within 30 days after written demand by an employer or compensation insurer in interest, the employer or compensation insurer shall be subrogated to the rights of the injured employee and shall be entitled to enforce liability in their own name or in the name of the injured party; the accounting for the proceeds to be made on the basis provided.

If the employee or compensation beneficiary recovers damages from a third person, he shall repay to the employer or compensation insurer, out of the recovery against the third person, the benefits paid to him by the employer or compensation insurer under this Act, less said employer's or compensation

insurer's proportionate share of cost of collection, including reasonable attorney's fees.

If the employer or compensation insurer shall recover from a third person damages in excess of the compensation and benefits so paid or for which he has thus become liable, then any such excess shall be paid to the injured employee, less a proportionate share of the expenses and cost of actions or collection, including reasonable attorney's fees. Settlement of such subrogation claims and the distribution of the proceeds therefrom must have the approval of the court wherein the subrogation action is pending or to which it is returnable; or if not in suit, of a single commissioner. When the court in which such subrogation action is pending or to which it is returnable is in vacation, the judge of the court, or, if the action is pending in or returnable to the Superior Court, any Justice of the Superior Court, shall have the power to approve the settlement of such action and the distribution of the proceeds therefrom. The beneficiary shall be entitled to reasonable notice and the opportunity to be present in person or by counsel at the approval proceeding.

3. For the purposes of this opinion, we may treat the employer and the insurance carrier as one. *See Liberty Mut. Ins. Co. v. Weeks*, Me., 404 A.2d 1006, 1007 n. 1 (1979). We refer throughout to that unit as the "employer."

obtained a workers' compensation award or agreement *before* settling with the third party, his total recovery would be the greater of the two sums. By settling with the tortfeasor first, the employee is limited to that recovery, even if the employer would be liable for a greater sum under the Act. The employee is thus penalized for achieving what the law ordinarily encourages, namely, expeditious settlement with the third party without resort to litigation.

That penalty will be avoided if section 68 is construed to permit the employer to set off against his own liability any sum already paid to the employee by the tortfeasor. That was the solution this court adopted in *Weeks, supra,* a case very similar to this. In *Weeks,* an employer entered into a court-approved agreement to compensate an employee under the Act; after a third party tortfeasor paid the employee still more in settlement, the employer recouped its outlay under the statutory lien and argued that section 68 immunized it from further liability. We held that the employee could proceed against the employer under the Act for future payments, but that the employer would be entitled to set off against such future liability the unrecouped portion of the tortfeasor's payment.

The employer in the case now at bar seeks to distinguish *Weeks* on the grounds that the lien there had already arisen to protect that employer. At bottom, however, the *Weeks* court was faced with the same problem as that which we now confront: how to safeguard an employer from paying for an injury already compensated by a tortfeasor, while at the same time permitting an injured employee to recover from his employer any workers' compensation benefits that come due in the future in an amount aggregating more than the tort recovery. In *Weeks,* we fashioned a right to setoff that, while not expressly contemplated by section 68, was nonetheless essential to carrying out its plain purpose. There is no compelling reason not to do the same here.

In recognizing the right to setoff, we follow the dictate of 39 M.R.S.A. § 92 that the Act is to be construed "liberally and with a view to carrying out its general purpose." *See Delano v. City of South Portland,* Me., 405 A.2d 222, 225 (1979). In *Weeks,* we noted that a special need existed for a flexible construction of section 68, because "the current lien provisions are the product of a somewhat disparate superimposition, during more than half a century, of one layer of language upon another." *Liberty Mutual Insurance Co. v. Weeks, supra* at 1009. The purposes of section 68, as explicated in *Weeks, supra* at 1012–13, are (i) to give the injured worker the benefit of the greater of any tort recovery and any workers' compensation award, (ii) to relieve the carrier of the compensation burden that the third party's fault has caused it to shoulder, and (iii) to prevent either a double recovery by the employee or an immunity for the third party tortfeasor.

To carry out those purposes of section 68, we hold that the employee's settlement with the third party tortfeasor does not bar him from seeking workers' compensation from his employer, but that the employer is entitled to set off against any subsequently determined liability under the Act the net amount[4] the employee has recovered in settlement from the tortfeasor.

The entry must be:

Pro forma judgment of the Superior Court vacated.

Case remanded to the Workers' Compensation Commission for further proceedings consistent with the opinion herein.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

**4.** The setoff would be limited to the gross amount of the "recovery against the third person ... less said employer's ... proportionate share of cost of collection, including reasonable attorney's fees." 39 M.R.S.A. § 68 (1978).