Jeanne DEGEN–HOGAN, Plaintiff,

v.

V. Martha BOURDON, Defendant.

No. CIV.03–141–B–W.

United States District Court,
D. Maine.

April 22, 2004.

Brian T. Stern, Dover, NH, for Jeanne Degen–Hogan, Plaintiff.

Peter T. Marchesi, Wheeler & Arey, P.A., Waterville, ME, for V Martha Bourdon, Defendant.

## ORDER DENYING CONSENTED TO MOTION FOR APPROVAL OF SETTLEMENT AND DETERMINATION OF WORKERS' COMPENSATION LIEN

WOODCOCK, District Judge.

On July 3, 2003, Plaintiff Jeanne Degen–Hogan initiated a complaint against Defendant V. Martha Bourdon, alleging personal injuries as a result of an automobile accident. On August 18, 2003, Defendant Bourdon timely removed the case to this Court asserting jurisdiction under 28 U.S.C. § 1332. On April 4, 2004, the Plaintiff filed an unopposed motion for approval of settlement and determination of workers' compensation lien pursuant to 39–A M.R.S.A. § 107. The parties have agreed to settle the case for $21,000 and seek this Court's approval not only of the settlement itself, but also the distribution of $6,000 in proceeds to satisfy the workers' compensation insurer's statutory lien. This Court denies the motion, because under the plain language of § 107, judicial approval is not necessary for lien actions.

Ms. Degen–Hogan was injured while working and received workers' compensation benefits under Maine law. Section 107 provides "two separate and distinct options": the employer or compensation insurer "may either seek subrogation from the third party tortfeasor through common law remedies or place a lien for the amount of compensation the employee received against the judgment the injured party received."[1] *Fowler v. Boise Cascade Corp.*, 948 F.2d 49, 59 (1st. Cir.1991),

*aff'g* 739 F.Supp. 671, 677 (D.Me.1990). The distinction between lien and subrogation rights in § 107 was clarified in *Connell v. Aetna Life & Casualty Co.*, 436 A.2d 408, 409 (Me.1981). In *Connell*, the Maine Supreme Judicial Court wrote:

[Section 107][2] provides, among other things, that if the compensation beneficiary recovers damages from a third person, the employer or compensation insurer is entitled to a lien on any proceeds recovered, equal to compensation benefits paid less a proportionate share of the costs of recovery. Section [107] also provides, alternatively, for subrogation of the carrier to the rights of the employee to the extent the carrier has paid him compensation.

*McKeeman v. Cianbro Corp.*, 2002 ME 144, 804 A.2d 406 (noting "[t]he plain language of section 107 is more accurately read in two parts."); *Overend v. Elan I Corp.*, 441 A.2d 311, 313 (Me.1982); *Liberty Mut. Ins. Co. v. Weeks*, 404 A.2d 1006, 1011–12 (Me.1979).

Under § 107, an employee, who has sustained a work related injury caused by the fault of a third party, may proceed against that person to recover damages. If the employee elects to do so, the employer is granted a lien for the value of workers' compensation benefits paid against any proceeds; if the employee recovers damages, the statute simply mandates that "the employee shall repay to the employer, out of the recovery against the 3rd person, the benefits paid by the employer under

---

1. Under 39–A M.R.S.A. § 101(12), if an employer is insured, the term, "employer," includes "the insurer, self-insurer or group self-insurer, unless the contrary intent is apparent from the context or is inconsistent with the purposes of the Act." For purposes of this Order, in referring to employer, this Court is also referring to its workers' compensation insurer, CNA Commercial Insurance.

2. The *Connell* Court was addressing former § 68 of title 39, which was subsequently repealed and replaced by § 107 of title 39–A. P.L.1991, c. 885. The language of the provisions is identical.

this Act, less the employer's proportionate share of cost of collection, including reasonable attorney's fees." 39–A M.R.S.A. § 107.

On the other hand, if the employee elects not to proceed against the third person, the employer is allowed to pursue its own subrogation action in its own name or in the name of the injured employee. Before doing so, the employer must make a written demand to the employee to initiate the action and if she fails to do so within thirty days, it may pursue the action.[3] The last paragraph of the statute addresses what must happen if the employer recovers more money than the total amount of its subrogation interest.[4] It requires the employer to remit any excess to the employee less the cost of collection and goes on to provide:

> If the employer recovers from a 3rd person damages in excess of the compensation and benefits paid ..., then any excess must be paid to the injured employee .... Settlement of any *such subrogation* claims and the distribution of the proceeds therefrom must have the approval of the court in which the subrogation action is pending or to which it is returnable; or if not in suit, of the board .... The beneficiary is entitled to reasonable notice and the opportunity to be present in person or by counsel at the approval proceeding.

39–A M.R.S.A. § 107. By its plain language, the statute does not require court approval unless the action is a subrogation action ("any such *subrogation* claims") and unless the employer receives more money than its subrogated amount. ("any *such* subrogation claims").

This conclusion is buttressed by the history of § 107. Before 1969, the statute forced the employee to choose between claiming workers' compensation benefits from her employer and initiating a personal injury action against the third party causing the injury. P.L.1921, Chap. 222, § 8. If the employee elected workers' compensation benefits, the employer, not the employee, was given the option of proceeding against the tortfeasor. If the employer failed to act, the statute placed the onus on the employee to make a written demand that it pursue the cause of action; only after the employer failed to respond, could the employee initiate her own action. *Weeks,* 404 A.2d at 1010; *Foster v. Congress Square Hotel Co.,* 128 Me. 50, 145 A. 400 (1929).

If the employer proceeded with its own cause of action against the tortfeasor, it did so as the "statute-subrogated employer." *Travelers' Ins. Co. v. Foss,* 124 Me. 399, 130 A. 210 (1925). As the *Foss* Court explained, the subrogated employer was placed "as near as possible in the position of another with respect to a debt or claim." *Id.* at 210. If the employer undertook a subrogated claim, despite the fact the employee could receive any surplus, the law held that the employee had "no interest" in the subrogation case. *Id.* at 211. In the words of the *Foss* Court, the "claim is the employer's, or its carrier's. The action is its from the hope of reimbursement in the advantages of success. It has the management thereof. It may dismiss the action, and discharge the claim. Urge that the

---

**3.** This statutory provision is analogous to Rule 17(c) of the Maine Rules of Civil Procedure.

**4.** The statute is silent as to what occurs if in a subrogation action under section 107, the employer receives less than the amount of workers' compensation benefits it has paid out. It appears the approval requirement does not apply, presumably since the employee would have no claim against the employer's recovery and the policy concerns necessitating the approval process are not implicated.

employee would be entitled to any surplus recovered is not of moment." *Id.* As opposed to a subrogee, a lienor "does not step into the employee's shoes and assert his rights against the third party tortfeasor." *Fowler,* 948 F.2d at 59.

In 1969, the statute was revised to its current form: the employee, not the employer, was given the right to initiate the third party action and the employer, not the employee, was required to give written notice of its intent to act. *Weeks,* 404 A.2d at 1011. If the employee initiated the cause of action, she retained control of its management and could resolve the claim, subject of course to the employer's lien. If the employee declined to act and the employer initiated the claim, the employer did so under its statutory right of subrogation.

The 1969 change was "promoted, no doubt, by the realization of the Legislature that in many instances the carrier, though under a duty to render any excess recovery to the worker, would be dissuaded by the vagaries of the 'absurd luxury known as personal injury litigation,' from pursuing its remedy." *Weeks,* 404 A.2d at 1011 (internal citation omitted). The *Weeks* Court noted that in such employer-initiated subrogation actions, the "third party tortfeasor would enjoy an unintended, and undesired, immunity and the worker would be unjustly prevented from having a full recovery." The 1969 amendment was thus intended to "eliminate the potential for abuse inhering in the opportunity of the carrier to settle its action against the third person merely for an amount approximat-

ing its compensation liability." *Weeks,* 404 A.2d at 1011.

This background illuminates the distinction the statute draws between a lien claim and subrogation interest. In subrogation claims, the statute attempts to protect the employee by requiring that in instances where the employer has received in settlement more money than it has paid, a court or the board should review the settlement and give the employee an opportunity to be heard before the subrogation claim is finally resolved. These same policy concerns are not present in lien claims, since the employee herself controlled the litigation, negotiated the settlement, and the employer's interest is legally and practically subordinate to her own.[5]

In the case before the Court, Ms. Degen–Hogan herself initiated the cause of action and CNA Commercial Insurance has a lien, not a subrogation interest.[6] Therefore, the mandatory judicial approval provisions of § 107 are inapplicable. Under the lien provisions of the statute, the Plaintiff must repay CNA the benefits it paid under the Act, less its proportionate share of cost of collection, including reasonable attorney's fees. Plaintiff's consented to motion for approval of settlement and determination of workers' compensation lien is DENIED.

SO ORDERED.

---

5. This does not mean that the employer and insurer are without recourse if they object to the employee's distribution of the lien, a distribution that can provoke its own set of issues. One recent example is found in the *McKeeman* case in which S.D. Warren, the employer, was allowed to intervene in the personal injury and wrongful death action to enforce its lien. *McKeeman,* 2002 ME 144, ¶ 4, 804 A.2d at 407.

6. The form of action was not crystal clear from the pleadings. Therefore, on April 12, 2004, the Court ordered the parties to clarify the matter. On April 13, 2004, the Plaintiff filed a clarification, confirming that the pending action is a personal injury action brought by Jeanne Degen–Hogan, that CNA Commercial Insurance has a lien, and that CNA has not initiated a separate subrogation action.