STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-481

RONALD RIDEOUT,

Plaintiff,

v.

JACKRABBIT LIMITED
LIABILITY COMPANY,

Defendant,

CNA/SMRT, INC.,

Applicant for
Intervention

ORDER ON CNA/SMRT, INC.'S
MOTION TO INTERVENE

STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 12 2015

RECEIVED

Before the court is CNA/SMRT, Inc.[1] ("SMRT")'s motion to intervene. SMRT contends that the parties in this case reached a binding settlement agreement and seeks to intervene to enforce that agreement. For the following reasons, SMRT's motion to intervene is granted and a hearing shall be scheduled to determine whether the parties reached a binding settlement agreement.

## BACKGROUND

Plaintiff Ronald Rideout was injured after he fell in the parking lot at SMRT, Inc. After the fall, Rideout began receiving workers' compensation benefits from SMRT. In November 2012, Rideout filed this suit against

---

[1] CNA is SMRT, Inc.'s insurance carrier. The two entities are collectively referred to in this order as "SMRT" for convenience.

defendant Jackrabbit, the company responsible for maintaining the parking lot.

Attorney Peter Clifford represented Rideout in the case until his motion to withdraw was granted on October 11, 2013. Despite being granted leave to withdraw, Attorney Clifford continued to represent Rideout in settlement negotiations, and he continued to file motions on Rideout's behalf to extend filing deadlines. According to Attorney Clifford's motions filed with the court, the parties believed the case would settle.

Before the agreement was reduced to writing and signed, however, Rideout apparently decided he did not want to settle. In November, Rideout notified the court that he is representing himself. He opposes the motion and argues that Attorney Clifford did not have authority to settle.

*Workers' Compensation Law*

Under 39-A M.R.S. § 107, an employee claiming benefits under the Workers' Compensation Act may elect to pursue a claim against a third party for damages resulting from the injury. The employer then "has a lien for the value of compensation paid on any damages subsequently recovered against the 3rd person liable for the injury." 39-A M.R.S. § 107 (2014). In this case, Rideout asserts a claim against Jackrabbit, and SMRT will have a lien on the amount he recovers up to the value of its Workers' Compensation payments.

DISCUSSION

*Intervention as of Right*

An applicant may intervene as of right:

(1) when a statute confers an unconditional right to intervene; or
(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

M.R. Civ. P. 24(a). In some states, an employer has a statutory right to intervene in an action by an employee against a third-party where the employer has paid benefits to the employee. *See, e.g., Nucor Corp. v. Kilman*, 186 S.W.3d 720, 734 (Ark. 2004). Maine's statute does not give the employer a statutory right to intervene. The court must therefore determine whether SMRT satisfies the three criteria in M.R. Civ. P. 24(a)(2) to intervene as of right: "(1) [the applicant] must claim an interest in the property or transaction that is the subject of the action; (2) it must be so situated that the disposition of the action may impair or impede its ability to protect its interests; and (3) its interest must not be adequately represented by the existing parties to the action." *Bangor Pub. Co. v. Town of Bucksport*, 682 A.2d 227, 231 (Me. 1996).

On the first element, SMRT argues that it has an interest in the outcome of the action because it will acquire a lien for the value of compensation it paid under Rideout's workers' compensation claim. SMRT

3

relies on *McKeeman v. Cianbro Corp.* in which the employer intervened in an action to enforce its lien. 2002 ME 144, ¶ 4, 804 A.2d 406. In that case, plaintiff received workers' compensation death benefits from the deceased's employer and subsequently filed an action against a third party. *Id.* ¶ 2. Plaintiff reached a settlement with the third party and the only issue was determining the employer's proportional responsibility for the costs of settlement. *Id.* ¶ 3, 7.

Jackrabbit argues that SMRT's interest is inchoate and does not attach until the employee actually receives payment. Jackrabbit's argument flows from the plain language of 39-A M.R.S. § 107, which provides: "any employer having paid the compensation or benefits or having become liable for compensation or benefits under any compensation payment scheme has a lien for the value of compensation paid on any damages *subsequently recovered* against the 3rd person liable for the injury." 39-A M.R.S. § 107 (emphasis added). Jackrabbit argues that, because Rideout has not recovered anything, SMRT does not yet have a lien under 39-A M.R.S. § 107.

If in fact Rideout and Jackrabbit reached a binding settlement agreement, then SMRT's interest is not inchoate and it may enforce its lien in this case. *See McKeeman v. Cianbro Corp.*, 2002 ME 144, ¶ 4, 804 A.2d 406 ("S.D. Warren intervened in Sharon's action against Cianbro, and moved to enforce a workers' compensation lien . . . ."). Federal cases confirm that a third party that claims a lien on settlement proceeds has a sufficient interest

4

in the case to intervene as of right. *See Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 783 (8th Cir. 1985) (holding that insurance carrier with statutory lien on settlement proceeds was entitled to intervene as of right); *see also Meredith v. Schreiner Transport, Inc.*, 814 F. Supp. 1001, 1003 (D. Kan. 1993) ("Intervention by a party, whose only interest in the litigation is a lien on the proceeds, is proper at any time before final judgment.").

The next element for the court to consider is whether the disposition of this case will impede SMRT's ability to protect its interest. In *State v. Mainehealth*, the court considered whether a party could intervene in an action that, by statute, only the Attorney General could bring. 2011 ME 115, ¶ 11, 31 A.3d 911. The court reasoned that because the applicant for intervention could bring its own private civil action, the case would not impede its ability to protect that interest. *Id.* In this case, however, SMRT's rights are derivative of the employee's rights. It will not be able to bring a subsequent suit after this case is resolved. SMRT therefore satisfies the second element.

The final element is whether SMRT's interest is adequately represented by existing parties. At a superficial level, both SMRT and Rideout are interested in recovering against Jackrabbit. On closer examination, however, the interests diverge. SMRT is only interested in recovering up to its workers' compensation liability, a sum that is likely substantially lower than what Rideout seeks to recover. Further, Rideout

5

has shown that he is no longer interested in settlement but wants to pursue his case to trial.

SMRT has met all of the elements to intervene as of right under M.R. Civ. P. 24(a)(2).

*Motion to Enforce Settlement*

Although SMRT is entitled to intervene, it has not yet established that the parties reached a binding settlement agreement. The court will schedule a testimonial hearing to determine whether the parties reached an enforceable agreement.

The entry is:

CNA/SMRT Inc.,'s motion to intervene is GRANTED.

This case shall be set for an evidentiary hearing on CNA/SMRT, Inc.'s motion to enforce.

Date: February 12, 2015

_____
Joyce A. Wheeler
Justice, Superior Court

Plaintiff-Pro Se Plaintiff
Defendant-Peter Del Bianco Esq
Intervenor-Humphrey Johnson Esq

6