### John DOE

### v.

### Richard ROE, Bangor Publishing Company, Intervenor.

Supreme Judicial Court of Maine.
Argued June 12, 1985.
Decided July 23, 1985.

---

Preti, Flaherty & Beliveau, Daniel Rapaport (orally), Christopher D. Nyhan, Edward R. Benjamin, Jr., Portland, for appellant.

Eaton, Peabody, Bradford & Veague, Bernard Kubetz (orally), Bangor, for appellee.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Richard Roe, the defendant, appeals from an order of the Superior Court, Hancock County, granting the Bangor Publishing Company's motions to intervene and vacate an earlier order impounding court records. Finding that intervention was improperly granted, we vacate the order lifting the impoundment and remand to the Superior Court for denial of the motion to intervene.

### I.

On behalf of John Doe, a minor claiming damages resulting from allegedly negligent medical treatment,[1] his father, acting as guardian and next friend, filed a petition in Superior Court seeking approval of a settlement of the minor's claim in accordance with 14 M.R.S.A. § 1605 and M.R. Civ.P. 17A.[2] The petition, *inter alia*, recit-

---

**1.** No civil action had been commenced on behalf of the minor pursuant to M.R.Civ.P. 3, but a notice of claim had been served pursuant to 24 M.R.S.A. § 2903 (Supp.1984).

**2.** The statute provides:

No settlement of any action brought in behalf of an infant by next friend or defended on his behalf by guardian or guardian ad litem shall be valid unless approved by the court in which the action is pending, or affirmed by an entry of judgment. If no action has been commenced, an infant by next friend may apply to any court in which an action based on the claim of the infant could have been commenced for an order approving

the settlement of any such claim. An order approving such a settlement shall have the effect of a judgment. The court may make all necessary orders for protecting the interests of the infant and may require the guardian ad litem or next friend to give bond to truly account for all money received in behalf of the infant.

14 M.R.S.A. § 1605 (1980).

The rule on settlement of claims of infant plaintiffs provides in part:

In any action commenced by or on behalf of an infant, the guardian, guardian ad litem, or next friend of such infant may move the court for an order of approval of settlement. If no action has been commenced on a claim by an

ed that the proposed settlement was expressly conditioned on its impoundment by the court to prevent disclosure of its terms to the news media and the public. On the same day, the Superior Court entered an order approving the settlement agreement and impounding it and associated papers. A similar petition was granted by decree of the Hancock County Probate Court.

Bangor Publishing Company, publisher of the *Bangor Daily News*, learned of the proceedings and of the impoundment of records. Unsuccessful in obtaining information from counsel, some weeks later it filed motions in the Superior Court pursuant to M.R.Civ.P. 24 seeking to intervene and as an intervenor to vacate the court's order impounding the records in the claimant's case.[3] After a hearing, the Superior Court granted the motions, finding the intervenor had a right to intervene under M.R.Civ.P. 24(a)(2) and ordering its original impoundment order vacated. The Superior Court granted the defendant's motion for stay of execution pending this timely appeal.

## II.

The defendant contends that the Superior Court erred as a matter of law in ruling that Bangor Publishing Company could intervene as a matter of right under Rule 24(a). The rule provides in relevant part:

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability

to protect that interest, unless the applicant's interest is adequately represented by existing parties.

M.R.Civ.P. 24(a).

■ Where, as in this case, no statute confers an unconditional right to intervene, Rule 24(a)(2) establishes three criteria for determining whether there can be intervention of right. 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1908 at 495 (1972).[4] A nonparty has a right to intervene in an action if, on timely application: (1) he claims an interest in the property or transaction that is the subject of the action, and (2) he is so situated that the disposition of the action may impair or impede his ability to protect his interest, and (3) his interest is not adequately represented by the existing parties to the action. Rule 24(a) is substantially similar to the early Maine rule stating that intervention by right is possible only when the applicant "will either gain or lose by the direct legal operation and effect of the judgment." 1 Field, McKusick & Wroth § 24.1 at 401 (quoting *W.H. Glover Co. v. Smith*, 126 Me. 397, 400, 138 A. 770, 772 (1927)). The defendant challenges the Superior Court's order ruling that the Bangor Publishing Company had a right to intervene, on the basis of the intervenor's failure to demonstrate an interest in the transaction that is the subject of the underlying claim.

■ Bangor Publishing Company asserts its claim as news gatherer and disseminator of information to the community, claiming the public has an interest in the quality of local medical care. We agree with the defendant's contention that, important as this interest may be, it is not sufficient under Rule 24(a) for intervention of right in what is essentially a personal injury claim.

infant, any such representative may file an application in any court in which such an action might have been commenced, seeking an order of approval of settlement. The application shall contain a short and plain statement of the claim to be settled. No service of the application and no further pleadings shall be required unless directed by the court. M.R.Civ.P. 17A(a).

3. In view of our decision in this case, we express no opinion as to the timeliness of the motions.

4. M.R.Civ.P. 24(a) is virtually the same as the federal rule. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 24.5 at 403 (2d ed. 1970).

**1238**

We acknowledge that the interest requirement of Rule 24(a)(2) may elude precise and certain application in some instances. *See Smuck v. Hobson*, 408 F.2d 175, 178–79 (D.C.Cir.1969); Shapiro, *Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators*, 81 Harv.L.Rev. 721, 740 (1968). Nonetheless, we are unable to identify an interest warranting Bangor Publishing Company's involvement as a matter of right in the cause in this case.[5] While Bangor Publishing Company may be interested in discovering and publishing the identities of the parties and the terms of the settlement, neither it nor the public has a direct interest at stake in the underlying claim itself. The public will neither "gain [n]or lose by the direct legal operation and effect of the judgment." Were it not for the participation of a minor in the settlement, the agreement would not have been brought before the court.

Bangor Publishing Company suggests that a second interst to be served by intervention in the settlement approval is that of exposing to public scrutiny the proper functioning of the court in its judicial duties. It maintains that by its intervention for the purpose of lifting the impoundment, the public may assure itself that the court's approval of the settlement was not merely rubberstamped, but fair to both parties and protective of the minor's interests. This claim of interest similarly lacks a nexus to the subject of the claim sufficient to warrant intervention in the case.

We conclude that the Bangor Publishing Company did not satisfy the requirement of Rule 24(a)(2) that it "claims an interest relating to the property or transaction which is the subject of the action...." The Superior Court erred as a matter of law in granting as of right the motion to intervene.

The entry is:

Order lifting impoundment vacated; remanded with the direction to deny the motion to intervene.

All concurring.

---

5. Bangor Publishing Company argues we should sustain the order of intervention as permissive under M.R.Civ.P. 24(b). Because the court did not purport to act on that ground we are not in a position to review the court's order on that basis. However, we note the lack of any question of law or fact common to the underlying personal injury action and any claim or defense of Bangor Publishing Company. We are not inclined to assume that any trial justice would exercise his discretion to allow the requested intervention pursuant to that rule.