2000 ME 60

## HOUSING AUTHORITY OF the CITY OF BANGOR

v.

## Lisa MAHEUX et al.

Supreme Judicial Court of Maine.

Argued March 7, 2000.

Decided April 7, 2000.

---

Edward W. Gould (orally), Julie A. Mallett, Gross, Minsky, Mogul & Singal, P.A., Bangor, for plaintiff.

Michael Guare (orally), Judson Esty-Kendall, Bangor, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

WATHEN, C.J.

[¶ 1] Defendant Lisa Maheux appeals from a judgment entered in the Superior Court (Penobscot County, *Mills, J.*) dismissing her appeal of a forcible entry and detainer judgment entered in the District Court (Bangor, *Gunther, J.*). Maheux argues that she is entitled to a jury trial de novo on her affirmative defense of reasonable accommodation. Because we find that Maheux's appeal to the Superior Court was not timely, we affirm the dismissal of the appeal.

[¶ 2] The facts may be summarized as follows: Plaintiff Housing Authority of the City of Bangor (BHA) notified Maheux that her lease was being terminated on the grounds that the conduct of her son seriously disrupted the right of other tenants to the quiet enjoyment of their homes in violation of the lease. Those incidents included specific complaints that her son physically and verbally threatened other tenants. Thereafter, BHA filed a complaint for forcible entry and detainer against Maheux. Maheux asserted an affirmative defense that BHA was obligated to make a "reasonable accommodation" for her family in light of her son's diagnosed "Oppositional Defiant Disorder."[1] After hearing, a judgment for forcible entry and detainer was entered in the District Court on December 21, 1998, stating that "[j]udgment is granted to the plaintiff for possession of [premises at] 40 Deer Isle Road, Bangor, Maine" and that "[t]he writ of possession shall issue seven calendar days after the judgment is entered. Provided that it is subject to stay in accordance with the findings filed herewith." The findings of fact and conclusions of law stated as follows:

The Court believes that this accommodation [a 6 month delay in the ability to pursue eviction] is only reasonable in the context of some supervision of [the son]. It is apparent from the evidence that his behavior will continue to be offensive for months before counselling takes effect. It is not reasonable, given the criminal

---

1. The obligation of reasonable accommodation is alleged to exist by virtue of the federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* (1999).

nature of some of his verbal attacks and the potential for additional assaultive behavior for the other residents to remain at such high risk. They have no statutory duty of accommodation, and they have a right not to be made victims.

The Court will, therefore, enter judgment for the Plaintiff.

Until the writ is issued, however, Plaintiff remains under an obligation of reasonable accommodation.... If Ms. Maheux comes forward with a proposal for counselling which incorporates eyes-on supervision during periods when [the son] is on the Authority's premises, the "reasonable accommodation" requirements may be triggered. Under such circumstances, Ms. Maheux may move for relief from judgment under Rule 60(b) or other applicable rule, and a stay may issue pursuant to Rule 80D(j).

[¶ 3] Maheux filed a motion for relief from judgment pursuant to Rule 60(b) and for stay of issuance of writ. The court entered an order granting Maheux's motion for stay of the issuance of the writ of possession on the condition that "the family pursues appropriate counselling to address [the son's] disability, and the mother provides direct supervision (by herself or another adult) when [the son] is on property of the Authority." Thereafter, BHA filed a motion to vacate the stay due to the son's continued disruptive and violent behavior and the failure of defendant to supervise the son while on BHA property. BHA and Maheux entered a stipulation of facts acknowledging that the son was not supervised on several occasions. After hearing, the court entered an order on April 13, 1999, vacating the stay of the writ of possession. On April 20, 1999, Maheux filed a notice of appeal to the Superior Court and a demand for a jury trial de novo. BHA filed a motion to dismiss the appeal and, after hearing, a judgment was entered in the Superior Court granting BHA's motion to dismiss the appeal. Maheux now appeals to us.

■ [¶ 4] "The time for filing an appeal of the judgment of the District Court expires upon the issuance of the writ of possession pursuant to section 6005 or 30 days from the time the judgment is entered, whichever occurs first." 14 M.R.S.A. § 6008 (Supp.1999). In this case, the judgment was entered on December 21, 1998, and thereafter the court stayed the issuance of the writ of possession. Thus, based on the statute, the first event to occur was the 30 days from the entry of judgment, so that the appeal period expired January 20, 1999. Therefore, Maheux's appeal in April, 1999, was not timely.

[¶ 5] Although the District Court included in its order a specific provision giving Maheux the opportunity to file a motion for relief from judgment, such a motion does not affect the finality of the judgment or stay the time for filing an appeal. *See* M.R. Civ. P. 60(b) ("A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."); M.R. Civ. P. 76D.

■ [¶ 6] Mindful of the confusion surrounding how a reasonable accommodation defense should be handled procedurally in a forcible entry and detainer action, however, we offer the following guidance. If the tenant raises a reasonable accommodation defense, as with any other defense, the court should consider both the landlord's claim and the tenant's defense and either grant or deny the forcible entry and detainer. If the court determines that the landlord has a duty to offer a reasonable accommodation and has failed to do so, then the court should deny the forcible entry and detainer and not grant possession to the landlord. If, however, the court determines that the landlord is oth-

erwise entitled to possession and either has no duty to offer a reasonable accommodation or has, in fact, offered a reasonable accommodation, then the court should grant the forcible entry and detainer.

The entry is:

Judgment affirmed.