2011 ME 115

**STATE of Maine**

v.

**MAINEHEALTH et al.**

Supreme Judicial Court of Maine.

Argued: Oct. 11, 2011.
Decided: Nov. 17, 2011.

Michael R. Poulin, Esq. (orally), Skelton, Taintor & Abbot, Auburn, for appellant Central Maine Medical Center.

Peter J. Brann, Esq. (orally), Heather B. Sanborn, Esq., Brann & Isaacson, Lewiston, for appellee MaineHealth.

William J. Schneider, Attorney General, Christina M. Moylan AAG (orally), Augusta, for appellee State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Central Maine Medical Center (CMMC) appeals from an order entered in the Business and Consumer Docket (*Horton, J.*) denying CMMC's motion to intervene in an antitrust enforcement action commenced by the State of Maine against MaineHealth, Maine Medical Center, Maine Cardiology Associates, P.A., and Cardiovascular Consultants of Maine, P.A. (collectively, the MaineHealth entities).

*See* 10 M.R.S. § 1104(2) (2010).[1] CMMC contends that the court abused its discretion in denying the motion to intervene, filed pursuant to M.R. Civ. P. 24, and inappropriately relied on federal antitrust law in reaching its decision. We affirm the denial of CMMC's motion to intervene.

## I. BACKGROUND

[¶ 2] On March 22, 2011, the State of Maine filed a complaint for antitrust enforcement against the MaineHealth entities based on the proposed acquisition by MaineHealth of two major Portland-area cardiology practices: Maine Cardiology Associates and Cardiovascular Consultants of Maine. MaineHealth is Maine's largest health system and owns Maine Medical Center in Portland, which is Maine's largest hospital.

[¶ 3] On the day that the State filed the complaint, it also filed a motion for approval of a consent decree between the State and the MaineHealth entities. The matter was transferred to the Business and Consumer Docket upon the State's and the MaineHealth entities' application for transfer, and the court entered a procedural order indicating that it would accept written comments from the public.

[¶ 4] In April 2011, CMMC moved to intervene in the proceeding, either of right or permissively. *See* M.R. Civ. P. 24(a),

---

1. This statute provides:

 **Injunction.** The Attorney General may institute proceedings in equity to prevent and restrain violations of sections 1101, 1102 and 1102–A.

 **A.** These proceedings may be by way of petitions setting forth the case and praying that the violation shall be enjoined or otherwise prohibited.

 **B.** When the parties complained of have been duly notified of that petition, the court shall proceed as soon as possible to the hearing and determination of the case.

 **C.** Pending the petition and before final decree, the court may at any time make such temporary restraining order or prohibition as considered just under the circumstances.

 **D.** Any person who violates the terms of an injunction issued under this section must forfeit and pay to the State, to be applied in carrying out this chapter, a civil penalty of not more than $50,000 for each violation.

 10 M.R.S. § 1104(2) (2010).

(b). CMMC argued that it had an interest in the case as Maine Medical Center's principal competitor in southern Maine regarding cardiovascular surgery and that it could be driven from the market for cardiovascular surgery and angioplasty services as a result of the proposed merger, to the detriment of CMMC and its patients. CMMC contended that it should be allowed to intervene as it had when these parties attempted to merge in 2010. CMMC did not file a proposed pleading presenting allegations against any of the already-joined parties as required by M.R. Civ. P. 24(c).[2]

[¶ 5]  After receiving written objections and memoranda, the court denied CMMC's motion to intervene. The court held that CMMC could not intervene of right, *see* M.R. Civ. P. 24(a), because it had failed to show any adverse effect on its ability to protect its interests through other mechanisms. *See* 10 M.R.S. § 1104(1) (2010); 15 U.S.C.S. § 15 (LexisNexis 1985). The court also declined to allow permissive intervention because it is rarely permitted in antitrust enforcement actions brought by the government and generally requires some showing of governmental bad faith. The court noted that CMMC would have the opportunity to participate in a nontestimonial oral argument as authorized by the court in a separate order that invited "oral comment and written submissions" from third parties due to the public interest involved in the case.

[¶ 6]  CMMC did file extensive written comments, and it requested the opportunity for oral argument within the time prescribed by the court, but it also appealed to us from the denial of its motion to intervene, which resulted in a stay of all proceedings in the Superior Court during the pendency of the appeal. *See* M.R.App. P. 3(b). We denied the State's and Maine-Health's motions for summary affirmance or immediate remand, but we granted their motion for expedited review.

## II.  DISCUSSION

### A.  Interlocutory Appeal

■ [¶ 7]  Although a final judgment is normally required before an appeal may be taken, *see Morse Bros., Inc. v. Webster,* 2001 ME 70, ¶ 13, 772 A.2d 842, we have recognized an exception to the final judgment rule for appeals challenging the denial of a motion to intervene, *see Francis v. Dana–Cummings,* 2007 ME 16, ¶ 15, 915 A.2d 412. The exception applies whether the party sought intervention of right or permissive intervention. *Donna C. v. Kalamaras,* 485 A.2d 222, 223 (Me.1984). We therefore immediately review the court's denial of CMMC's motion to intervene for error of law or abuse of discretion. *Doe v. Roe,* 495 A.2d 1235, 1238 (Me.1985); *Donna C.,* 485 A.2d at 224–25.

### B.  Intervention in Antitrust Actions in Maine

■ [¶ 8]  Under Maine statutory law, the Attorney General may seek injunctive relief by commencing a "proceeding[ ] in equity to prevent and restrain [antitrust]

---

**2.** Rule 24(c) of the Maine Rules of Civil Procedure requires that a motion to intervene "be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Because no such proposed pleading was filed in this matter, the court could have dismissed the motion for failure to comply with the rule, but it did not. Neither the State nor MaineHealth raised this deficiency to the court in their memoranda in opposition to intervention, however, and the court's decision to address the motion on its merits did not constitute obvious error. *See Kondaur Capital Corp. v. Hankins,* 2011 ME 82, ¶ 15, 25 A.3d 960 (stating that unpreserved errors will be reviewed only for any "seriously prejudicial error tending to produce a manifest injustice" (quotation marks omitted)).

violations." 10 M.R.S. § 1104(2). The statute also authorizes "[a]ny person ... injured directly or indirectly in its business or property" by an antitrust violation to sue for the injury in a separate civil action for treble damages and reasonable costs and fees. 10 M.R.S. § 1104(1). The statute does not, however, authorize private entities to file complaints seeking injunctive relief. *See id.*

[¶ 9] CMMC acknowledges that no Maine statute authorizes it to seek injunctive relief against the MaineHealth entities as a remedy for antitrust violations. CMMC does not argue that we have allowed or authorized such intervention in the past.[3] Nor does it cite to any supporting authority from other jurisdictions in which the statutes similarly permit only the government to seek injunctive relief. Nonetheless, CMMC argues that it should have been permitted to intervene, either of right or permissively, in the antitrust claim brought by the Attorney General seeking injunctive relief. We address each ground for intervention separately.

### 1. Intervention of Right

[¶ 10] Pursuant to Rule 24(a), intervention is permitted of right in either of two circumstances:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The first ground for intervention is inapplicable here because no "statute confers an unconditional right to intervene." M.R. Civ. P. 24(a)(1). Thus, the question for our consideration is whether CMMC satisfied the requirements of the second ground for intervention of right, which is allowed when, "on timely application: (1) [a party] claims an interest in the property or transaction that is the subject of the action, and (2) [the party] is so situated that the disposition of the action may impair or impede [its] ability to protect [its] interest, and (3) [its] interest is not adequately represented by the existing parties to the action." *Doe,* 495 A.2d at 1237; *see* M.R. Civ. P. 24(a)(2).

[¶ 11] As one of the competitors of the MaineHealth entities, CMMC has an interest related to the antitrust action, but CMMC did not demonstrate that the disposition of the antitrust action would impair or impede its ability to protect its own interests through independent litigation. *See* M.R. Civ. P. 24(a)(2). Maine antitrust law allows any person injured in business or property, whether directly or indirectly, to sue for the injury in a civil action and seek treble damages. 10 M.R.S. § 1104(1).[4] Only the Attorney General,

---

**3.** Although CMMC emphasizes that it was allowed to intervene in a prior action, we did not review the court's determination in that case.

**4.** The statute provides:

**Right of action and damages.** Any person, including the State or any political subdivision of the State, injured directly or indirectly in its business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by section 1101, 1102 or 1102–A, may sue for the injury in a civil action. If the court finds for the plaintiff, the plaintiff shall recover 3 times the amount of the damages sustained and cost of suit, including necessary and reasonable investigative costs, reasonable experts' fees and reasonable attorney's fees.

however, is authorized to "institute proceedings in equity to prevent and restrain [antitrust] violations." *Id.* § 1104(2).

[¶ 12] Thus, as the United States Supreme Court has held with regard to comparable federal antitrust law, private and public actions "were designed to be cumulative, not mutually exclusive." *Sam Fox Publ'g Co. v. United States,* 366 U.S. 683, 689, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961) (quotation marks omitted). Because private parties are not bound by the government litigation, any liability to private parties may be determined separately under Maine's statutory framework. *See* 10 M.R.S. § 1104(1), (2); *Sam Fox Publ'g Co.,* 366 U.S. at 689–90, 81 S.Ct. 1309. Thus, there is no entitlement in a private party to intervene of right in a State antitrust enforcement action in Maine unless the party provides evidence of bad faith or malfeasance on the part of the government such that intervention is necessary to protect the *public's* interests. *See* 10 M.R.S. § 1104(1), (2); *Sam Fox Publ'g Co.,* 366 U.S. at 689, 81 S.Ct. 1309; *United States v. Associated Milk Producers, Inc.,* 534 F.2d 113, 117 (8th Cir.1976); *United States v. Visa U.S.A., Inc.,* 2000 WL 1174930, at *1–2, 2000 U.S. Dist. LEXIS 11872, at *2–3 (S.D.N.Y. Aug. 17, 2000); *United States v. G. Heileman Brewing Co., Inc.,* 563 F.Supp. 642, 648–49 (D.Del.1983); *United States v. Int'l Tel. & Tel. Corp.,* 349 F.Supp. 22, 26–27 (D.Conn.1972).

[¶ 13] CMMC argues that the federal authorities to which we have referred above are now outdated because Congress has amended its statutes to allow for intervention in government antitrust cases. *See* 15 U.S.C.S. § 16 (LexisNexis 1985 & Supp. 2011). Maine's antitrust enforcement statute has not been amended, however, since 1991. *See* P.L.1991, ch. 137, §§ 2, 3 (effective October 9, 1991) (codified at 10 M.R.S. § 1104 (2010)). Because the Maine statute authorizes only one party—the Attorney General—to bring an enforcement action seeking injunctive relief, *see* 10 M.R.S. § 1104(2), and does not authorize private intervention, the federal cases cited above remain persuasive regarding the limitations on private intervention in Maine.

[¶ 14] Because CMMC made no evidentiary showing of bad faith, collusion, or other malfeasance, intervention of right was properly denied.

### 2. Permissive Intervention

[¶ 15] Pursuant to Rule 24(b), a person who files a timely application "may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common." In making this discretionary determination, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." M.R. Civ. P. 24(b).

[¶ 16] Here, the court determined that joining a private cause of action to the State's enforcement claim would unduly burden the proceedings, and the court supplied an alternative method for CMMC to participate in the enforcement action by providing oral comments and written submissions to the court. The court did not abuse its discretion in denying permissive intervention. Although CMMC contends that it occupies an exceptional position as a competitor of the MaineHealth entities, its situation is not unique. The MaineHealth entities have other competitors for cardiac care, and all are entitled to participate in the State's enforcement action as permit-

10 M.R.S. § 1104(1) (2010).

ted by the court, or to bring an independent claim for damages, *see* 10 M.R.S. § 1104(1); 15 U.S.C.S. § 15, or both.

The entry is:

Order denying CMMC's motion to intervene affirmed.