STATE OF MAINE

BUSINESS AND CONSUMER DOCKET
Cumberland, ss.
Docket No. BCD-CV-11-08

STATE OF MAINE

Plaintiff,

v.

MAINEHEALTH et al.,

Defendants

## ORDER APPROVING CONSENT DECREE

The State's Motion for Approval and Entry of Consent Decree came before the court for hearing December 19, 2011. Assistant Attorney General Moylan for the State and attorney Brann for the Defendants spoke, as did attorneys Kozak and Poulin on behalf of two interested parties, Mercy Hospital and Central Maine Medical Center respectively.

After the hearing, the court in an order dated December 22, 2011 suggested two additions to the draft consent decree the parties had presented, and the parties consented to the two additions.

Upon consideration of the oral presentations and written submittals of the State and the Defendants, as well as those of the interested parties, the court hereby finds and concludes as follows:

1. The primary question for the court to determine is whether approving the consent decree is in the public interest. In an interlocutory appeal in this case, the Supreme Judicial Court of Maine, sitting as the Law Court, affirmed that federal law serves as a guide in this context. *See State v. MaineHealth*, 2011 ME 115, ¶¶ 12-13, ___ A.2d ___, ___, 2011 Me. Lexis 110. Although the court was addressing a competitor's attempt to intervene in this case rather than the standard for this court to apply in deciding whether to approve the proposed consent decree, the principle that federal law serves as a guide remains fully applicable.

2. Federal law guidance indicates that this court, in deciding whether to convert what amounts to a contract between the parties into a formal judicial decree, is to make an independent determination whether approval of the proposed antitrust consent decree is in the public interest, with due deference to the Attorney General's discretionary exercise of authority in both initiating the action and presenting the proposed consent decree for the court's consideration.

3. Based on the submittals made in this case, the court finds and concludes as follows:

1

a. Unless some action to consolidate and support the delivery of cardiology services along the lines of the transactions authorized in the proposed Consent Decree is taken, the delivery of such services, particularly outside urban areas, is in jeopardy. As alleged in the Consent Decree itself, the proposed transactions also would promote cost-efficiency in the delivery of services and have other benefits in terms of access to services and medical education.

b. Because of the scale of the proposed transactions, involving most cardiologists in greater Portland and others elsewhere, significant competitive concerns would be raised by the proposed transactions, at least in the absence of any restriction. That concern inferentially is what led the Office of the Maine Attorney General as well as the Federal Trade Commission to investigate the contemplated transaction and, in the case of the Attorney General, to commence this action.

c. The proposed Consent Decree contains substantial restrictions and assurances that, if complied with, will substantially mitigate the potential anti-competitive effects of the proposed transactions, such that the benefit of allowing the proposed transactions, as modified by the decree, to proceed substantially outweighs the potential threat to competition. It is that net benefit that makes approval of the Consent Decree in the public interest.

d. An opponent of the proposed transactions, Central Maine Medical Center, suggested at the hearing on the State's Motion for Approval that, in practical terms, the transactions would not proceed unless the court blessed them through approval of the Consent Decree. Even assuming such to be the case, the materials presented to the court indicate that the public interest is better served by having the transactions go forward in the form shaped by the decree than by not having them go forward at all.

For the reasons, stated, the State's Motion for Approval and Entry of Consent Decree is hereby GRANTED. The Consent Decree is being executed and entered separately as of this date.

Pursuant to M.R. Civ. P. 79, the clerk is hereby directed to incorporate this order by reference in the docket.

Dated 3 January 2012

A. M. Horton
Justice, Business and Consumer Court

Entered on the Docket: 1. 3. 12
Copies sent via Mail __ Electronically __

2

# BUSINESS AND CONSUMER COURT

## State of Maine v. MaineHealth et al
## BCD-CV-2011-08

*Counsel of Record*

| Attorney Name | Party Name |
|---|---|
| Christina Moylan, AAG | State of Maine |
| Peter Brann, Esq. | MaineHealth et al |
| Michael Poulin, Esq. | Central Maine Medical Center (PII) |