STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.   AP-20-23

SHALOM HOUSE INC.,
*et. al.*

v.                                                            ORDER

KENNETH JOHNSON,
*et. al.*

REC'D CUMB CLERKS OF
OCT 22 '20 AM11:42

Before the Court is Defendant and Appellant Kenneth Johnson's Notice of Appeal dated October 7, 2020. Johnson appeals a Judgment entered on August 31, 2020 (Darvin, J.) in the District Court on Plaintiff's Complaint for Forcible Entry and Detainer. The Judgment was entered after agreement and allowed Plaintiff possession of the property. Pursuant to the agreement, the writ of possession was to issue after 30 days.

On September 25, the Defendant filed a request to vacate the judgment that the District Court treated as a motion for relief of judgment pursuant to Rule 60. On October 5, the District Court denied the motion and ordered that the writ of possession could issue, the 30 days having expired.

The Writ issued that day and was served on Defendant on October 8. Meanwhile, on October 7 and 13, the Defendant made two additional filings. The Oct 7 filing can be read as a Notice of Appeal. On October 19, the District Court noted that they could also both be read as motions for relief of judgment and a motion to quash the writ of possession and denied them both. To the extent the October 13 filing constituted a motion to stay, it was also denied.

The right to appeal is defined by statute.

1

Either party may appeal on questions of law from a judgment to the Superior Court as in other civil actions. Either party may appeal on any issue triable by right by a jury to a trial de novo in the Superior Court as provided in this section. The time for filing an appeal of the judgment of the District Court expires upon the *issuance* of the writ of possession pursuant to section 6005 or 30 days from the time the judgment is entered, whichever occurs first.

14 M.R.S. § 6008(1) (emphasis supplied). Post judgment motions, such as a motion for relief do not extend or suspend the running of the appeal period. *Bangor Housing Authority v. Mayheux*, 2000 ME 60, ¶ 5. The time limits for appeal to the Superior Court are jurisdictional and the Superior Court must dismiss an action when the court is without jurisdiction. *Brown v. State*, 426 A.2d 880, 888 (Me. 1981).

Here, by the time the Notice of Appeal was filed on October 7, both the time limits had expired, the 30 days expired on September 30 and the writ had issued on October 5.

The court DISMISSES Johnson's appeal.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: *Oct 22, 2020*

Thomas R. McKeon
Justice, Maine Superior Court

Entered on the Docket: 10/22/20

Plaintiff's Counsel–Wendy Paradis, Esq.
Defendant–Kenneth Johnson–SRL

2