MAINE SUPREME JUDICIAL COURT                        Reporter of Decisions
Decision:      2026 ME 31
Docket:        Sag-25-369
Submitted
  On Briefs:   February 18, 2026
Decided:       April 2, 2026

Panel:         MEAD, CONNORS, LAWRENCE, and DOUGLAS, JJ., and HJELM, A.R.J.

OAK HILL CONDOMINIUMS

v.

DIANE MARCHETTI et al.

LAWRENCE, J.

[¶1]  Caroline Thibeault appeals from an order of the Superior Court (Sagadahoc County, *Billings, J.*) denying her motion to intervene in a foreclosure action that had been brought by Oak Hill Condominiums against Diane Marchetti, Thibeault's mother and the owner of the condominium unit subject to the foreclosure action.  Because we find no error in the court's determination, we affirm the court's denial of Thibeault's motion for intervention as of right, filed pursuant to M.R. Civ. P. 24(a)(2), and her alternative motion for permissive intervention, filed pursuant to M.R. Civ. P. 24(b).

## I. BACKGROUND

[¶2]  Marchetti owns a condominium unit in Oak Hill Condominiums (the Condominiums).  Thibeault, Marchetti's daughter, occupies the unit along with her son who has a disability, while Marchetti lives elsewhere.

[¶3]  In January 2025, the Oak Hill Condominium Unit Owners Association (Oak Hill) filed a complaint for foreclosure and sale of Marchetti's condominium unit.  *See* 33 M.R.S. § 1603-116(a) (2025); 14 M.R.S. § 6321 (2025).  The complaint alleged that Marchetti was in default for failing to pay common charges and assessments, rule violation fines, and legal fees.  The rule violation fees were allegedly a result of Thibeault's commercial use of Marchetti's condominium while occupying it.  In response, Marchetti filed an answer and asserted several affirmative defenses, including that Oak Hill "failed to comply" with the Americans with Disabilities Act (ADA) and the Maine Human Rights Act (MHRA) by failing to offer and provide an accommodation to Thibeault and her son.

[¶4]  In May 2025, Thibeault filed a motion to intervene as of right and, in the alternative, for permissive intervention pursuant to M.R. Civ. P. 24(a)(2)-(b).  Thibeault sought intervention as of right because she argued that she has a direct and substantial interest in the litigation as the

occupant of the unit, that her ability to assert and litigate claims under the Fair Housing Act (FHA) and MHRA will be severely impaired if intervention is denied, and that her interests are not adequately represented by Marchetti. *See* M.R. Civ. P. 24(a)(2). Thibeault alternatively sought permissive intervention because she contended that her claims and defenses generate questions of law and fact in common with the foreclosure action. As required by Rule 24, Thibeault attached to her motion an answer and affirmative defenses, which included allegations that Oak Hill failed to comply with the ADA, MHRA, and FHA by failing to offer a reasonable accommodation to her and her son who occupy the unit. *See* M.R. Civ. P. 24(c). In response, Oak Hill filed an objection to Thibeault's motion to intervene, and Thibeault followed with a reply to Oak Hill's objection.

[¶5] The court summarily denied Thibeault's motion to intervene both as of right and permissively. Thibeault timely filed a notice of appeal.[1] *See* M.R. App. P. 2B(c)(1).

---

[1] Although an appeal from a denial of a motion to intervene is interlocutory, it falls within a clear exception to the final judgment rule, and we therefore immediately review the court's denial of Thibeault's motion to intervene. *See State v. MaineHealth*, 2011 ME 115, ¶ 7, 31 A.3d 911 (recognizing an exception to the final judgment rule for appeals challenging the denial of a motion to intervene).

4

## II. DISCUSSION

[¶6]  We review a trial court's ruling on a motion to intervene, both as of right and permissively, "for error of law or abuse of discretion."  *State v. MaineHealth*, 2011 ME 115, ¶ 7, 31 A.3d 911.

[¶7]  Maine Rule of Civil Procedure 24 governs intervention, both as of right and permissively, in civil suits.  For a nonparty to intervene as of right, Rule 24(a)(2) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In other words, a nonparty can intervene as of right if "(1) he claims an interest in the property or transaction that is the subject of the action, and (2) he is so situated that the disposition of the action may impair or impede his ability to protect his interest, and (3) his interest is not adequately represented by the existing parties to the action." *Doe v. Roe*, 495 A.2d 1235, 1237 (Me. 1985); M.R. Civ. P. 24(a)(2).  Alternatively, a court may grant permissive intervention when a nonparty's "claim or defense and the main action have a question of law or fact in common" and intervention will not "unduly delay or prejudice the

adjudication of the rights of the original parties." M.R. Civ. P. 24(b); *In re Children of Mary J.*, 2019 ME 2, ¶ 6, 199 A.3d 231. We have previously stated that Maine's rule governing intervention is "virtually the same as the federal rule." *Doe*, 495 A.2d at 1237 n.4.

## A.    Intervention as of Right

[¶8]   In concluding that the court did not err by denying Thibeault's motion to intervene as of right, we agree that she does not satisfy any of the three prongs of Rule 24(a)(2).

[¶9]   First, Thibeault argues that she has a direct, substantial, and legally protectable interest for several reasons, including that she has occupancy rights and federal and state statutory civil rights at stake in the underlying foreclosure action.

[¶10]   We have recognized that what constitutes an interest under Rule 24(a)(2) "may elude precise and certain application in some instances," but have characterized the interest as a "direct interest at stake in the underlying claim itself." *Doe*, 495 A.2d at 1238. In this foreclosure action, the interest at stake is one of ownership, an interest only Marchetti has as the sole owner of the condominium unit. Further, only Marchetti has a contractual relationship with Oak Hill because she purchased the unit subject to the terms,

6

conditions, and restrictions contained in the Condominiums' Declaration, which states that "[e]ach *unit owner* shall comply strictly with the Bylaws and with the administrative rules and regulations adopted by the [Oak Hill] Board." (Emphasis added.) *See* 33 M.R.S. § 1602-101(a) (2025) (stating that real estate of the condominium to be conveyed to unit owners must be described in the Declaration that is recorded in the same manner as a deed). Thibeault and Oak Hill do not have any contractual relationship, and so she is not subject to any contractual agreement with Oak Hill; nor does Thibeault have a leasehold interest because, as far as the record shows, there is no lease agreement between Marchetti and Thibeault and Thibeault has no obligation to pay rent to Marchetti. This makes Thibeault's interest purely possessory as an occupant, an interest that would be a stake in any potential eviction proceeding. Thibeault's argument that her statutory and federal civil rights are the interests at stake is unpersuasive because the underlying foreclosure action puts the ownership rights of the unit at stake, not her civil rights or rights to housing.

[¶11] Second, beyond a lack of any legal interest that Thibeault has in the foreclosure action, Thibeault's argument that denying intervention will impair or impede her ability to protect her purported interests is similarly unpersuasive. Thibeault can seek protection of statutory civil rights through

filing a complaint with the Maine Human Rights Commission, a process which she has already started, demonstrating that those rights are not impaired by her exclusion as a party in this foreclosure action. *See* 5 M.R.S. §§ 4582-A(2), 4611 (2025). Additionally, Thibeault can assert a reasonable accommodation defense in any eviction action, which Oak Hill might pursue depending on the circumstances after the foreclosure action. *See* 14 M.R.S. §§ 6001(5), 6322-A (2025); *Hous. Auth. of Bangor v. Maheux*, 2000 ME 60, ¶ 6, 748 A.2d 747. Finally, Thibeault in fact is already active, albeit through Marchetti, in the foreclosure action. Although Marchetti's opposition to Oak Hill's motion for summary judgment was not before the court at the time it denied Thibeault's motion, Thibeault's affidavit attached to the opposition underscores that she is providing information and evidence relevant to the request for a reasonable accommodation to Marchetti. Thibeault can provide, and already has provided, affidavits and testimony in the foreclosure action, which shows that denying her intervention will not prevent evidence based on her personal involvement and firsthand knowledge from being presented and considered. Therefore, even if Thibeault arguably had some interest in the foreclosure action, denying intervention would not impair or impede her ability to personally engage in protecting those purported interests.

8

[¶12]  Third and finally, there is no question that Thibeault's interests are adequately represented by Marchetti.  Marchetti's objective is to prevent the foreclosure of her condominium unit by asserting affirmative defenses, including those under the ADA and MHRA.  Thibeault's objective if she were permitted to intervene would also be to prevent the foreclosure action by asserting several affirmative defenses, most of which are similar to or the same as those asserted by Marchetti.  *See Sec. & Exch. Comm'n v. LBRY, Inc.*, 26 F.4th 96, 99 (1st Cir. 2022) (holding that a proposed intervenor's interests were adequately represented where the objectives lined up seamlessly by attacking the same element of the claim at issue).  Marchetti is represented by counsel and, with the benefit of Thibeault's assistance, has responded to all pleadings and opposed Oak Hill's motion for summary judgment, presenting an active defense to the foreclosure action to protect her ownership interest.  Thus, insofar as Thibeault had any such interests, they are already adequately represented by Marchetti because she has the same objective as Thibeault.

[¶13]  Therefore, the court did not err or abuse its discretion in denying Thibeault's motion to intervene as of right.

**B.      Permissive Intervention**

[¶14]  We also conclude that the court did not err or abuse its discretion in denying Thibeault's motion for permissive intervention.  When a proposed intervenor seeks permissive intervention, there is the threshold requirement that the intervenor's "claim or defense and the main action have a question of law or fact in common."  M.R. Civ. P. 24(b).  Once that threshold requirement is met, the court must then "consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  *Id.*

[¶15]  In this case, Thibeault's defenses present common questions of both law and fact because the underlying defenses that Marchetti intends to assert are the same as those that underpin a claim by Thibeault against Oak Hill for housing discrimination.  *See* 5 M.R.S. § 4582-A(2).  Despite having common questions of law and fact, however, joining Thibeault as a party would unduly delay the foreclosure action.  Oak Hill filed a motion for summary judgment in March 2025, to which Thibeault would then need to file an opposition. Marchetti has already submitted Thibeault's lengthy affidavit in opposition to Oak Hill's motion for summary judgment.  Moreover, as discussed above, Thibeault's defenses are being asserted and adequately presented by Marchetti. *See T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020)

(giving weight to whether the original parties to the action adequately represented the interest of the proposed intervenors in its analysis of permissive intervention). Effectively, the efforts contemplated by Thibeault seem to be duplicative of the measures already advanced by Marchetti, which would unduly delay the proceedings beyond what has already taken place. Therefore, denial of permissive intervention was not an abuse of discretion by the court.

The entry is:

> Order denying Thibeault's motion to intervene affirmed.

---

James E. Belleau, Esq., and Meredith W. Scott, Esq., Trafton, Matzen, Belleau & Frenette, LLP, Auburn, for appellant Caroline Thibeault

Jonathan M. Flagg, Esq., Flagg Law PLLC, Portsmouth, New Hampshire, for appellee Oak Hill Condominiums

Diane Marchetti did not file a brief

Sagadahoc County Superior Court docket number RE-2025-1
FOR CLERK REFERENCE ONLY